# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DWAYNE BRUMBAUGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN ROBERTS,<br><br>　　　　Defendant. | Case No. 1:13-cv-01598-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

## I.

## INTRODUCTION

Plaintiff Jerry Dwayne Brumbaugh ("Plaintiff") is proceeding pro se in this action. Plaintiff filed the complaint in this action on October 4, 2013. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint does not state any cognizable claims and will recommend that Plaintiff's claims be dismissed without leave to amend.

## II.

## SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard

1

used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## III.

## PLAINTIFF'S COMPLAINT

Defendant names "Chief Justice John Roberts" as a defendant in this action ("Defendant"). (Compl. 1.) Plaintiff's legal claims and the events which give rise to those claims are unclear. Plaintiff's complaint largely consists of what appears to be excerpts from court opinions other documents, such as the Federalist Papers.

The allegations in Plaintiff's complaint are largely nonsensical. For example, writes:

> 1. Plaintiff hereby challenges jurisdiction to throw out or dismiss this case/suit.
> 2. Plaintiff herby challenges jurisdiction to merge judicial power with congressional power, save for supreme court appellate power.
> 3. Plaintiff hereby claims duress by technology.

(Compl. 26.)

Plaintiff appears to identify the "Cause of Complaint" as:

> 1. Violations of constitution, the "Supreme law of the Land"
> 2. Violation of the Preamble.
> 3. Violation of Liberty.
> 4. Violation of Due Process.
> 5. Violation of P and I clause.

6. Violation of Contract Clause

(Compl. 27.)

Plaintiff summarizes his claims against Defendant as follows:

> 1. The defendant has by unlawful rulings, in violation of the compact, harmed plaintiff by trespassing the civil liberty of plaintiff, and Due process of law, and Preamble.
> 2. On or about July 10th, 2010, plaintiff was unlawfully arrested in Jackson Mississippi, county of rankin, arrest was on basis of private plates, in lieu of "license plates", and having marijuana.
> 3. Violation of compact; to wit; unlawful violation of constitution by "Slaughterhouse Cases", and "Baldwin v. Montana"; where the judge ruled that the two P and I clauses are the same yet unlawfully stated the rights in the clause as civil rights, when in fact the rights in the clause are civil liberties.

(Compl. 27.)

## IV.

## DISCUSSION

### A. Dismissal Without Leave to Amend

Plaintiff's complaint is devoid of any allegations that state a cognizable claim. Plaintiff does not clearly identify any injury he suffered that gives rise to this action and does not allege any facts that demonstrate how Defendant caused any such injury. Moreover, judges are entitled to absolute judicial immunity for actions undertaken in a judicial capacity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Forrester v. White, 484 U.S. 219, 225 (1988).

Plaintiff's complaint raises claims that are plainly frivolous. The Court further finds that Plaintiff's claims cannot be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect). Accordingly, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

### B. Plaintiff's Address

Plaintiff did not provide a proper mailing address when he filed his complaint. Plaintiff's complaint expressly requested all mail to be delivered to:

> Jerry Dwayne Brumbaugh
> General Delivery
> Friant, California

(Compl. 4.) It is unclear whether mail can be properly delivered to Plaintiff at this address. Accordingly, the Court will order these Findings and Recommendations to be served on Plaintiff at the two other addresses that appear in Plaintiff's complaint: 412 Calusa, Chowchilla, California (Compl. 26) and 6175 Hwy F, Hartville, Missouri (Compl. 55).

## V.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims and Plaintiff's claims cannot be cured by the allegation of any other facts. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed without leave to amend.

Further, it is HEREBY ORDERED that the Clerk of the Court shall mail a copy of these Findings and Recommendations to the following addresses:

> Jerry Dwayne Brumbaugh
> General Delivery
> Friant, California
>
> Jerry Dwayne Brumbaugh
> 412 Calusa Ave.
> Chowchilla, CA 93610
>
> Jerry Dwayne Brumbaugh
> 6175 Hwy F
> Hartville, MO 65667

These findings and recommendations are submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

//

//

waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 8, 2013**

UNITED STATES MAGISTRATE JUDGE